IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Charles Edward McGuire, Jr., | Case No. 3:16 CV 910 |
| Petitioner, | ORDER ADOPTING<br>REPORT AND RECOMMENDATION |
| -vs- | JUDGE JACK ZOUHARY |
| State of Ohio, | |
| Respondent. | |

Petitioner *pro se* Charles McGuire, a state prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 asserting five grounds for relief (Doc. 1). The case was referred to Magistrate Judge Kathleen Burke for a Report and Recommendation ("R&R"). The State of Ohio, through Warden John Coleman, filed a Return of Writ (Doc. 9), and McGuire filed a Traverse (Doc. 11). Judge Burke recommended this Court dismiss in part and deny in part the Petition (Doc. 12), and McGuire objected (Doc. 13). Accordingly, this Court has reviewed *de novo* those portions of the R&R challenged in the Objection. *See* 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981).

## BACKGROUND

As McGuire does not meaningfully object to the procedural history and facts set forth in the R&R (Doc. 12 at 2–6), this Court incorporates them by reference and briefly summarizes the timeline of McGuire's state court appeals.

In July 2013, an Ohio jury found McGuire guilty of aggravated robbery, aggravated burglary, and murder. He appealed, arguing prosecutorial misconduct based on false, misleading, or otherwise improper statements at trial; insufficient evidence to sustain the conviction; the weight of the evidence did not support the verdict; and error in imposing a mandatory sentence for aggravated robbery. In May 2015, the Ohio appellate court overruled the first three assignments of error, but sustained the fourth and remanded for resentencing. The Ohio Supreme Court declined jurisdiction in September 2015 (*id.* at 4). Earlier the same month, the state appellate court denied McGuire's Rule 26(B) Application to Reopen Appeal based on ineffective assistance of appellate counsel (*id.* at 5). The Ohio Supreme Court declined jurisdiction of that appeal in January 2016 (*id.*). McGuire filed this habeas Petition four months later.

## DISCUSSION

The Petition raises five grounds for relief: (1) hearsay, (2) improper statements by the prosecutor, (3) abandonment of a motion in limine, (4) juror bias, and (5) weight and sufficiency of the evidence. The R&R recommends this Court dismiss the first four claims as procedurally defaulted, dismiss a portion of the fifth claim as not cognizable, and deny the remainder of the fifth claim on the merits.

**Claim One: Hearsay**

As the R&R correctly notes, McGuire failed to raise this claim on direct appeal (Doc. 12 at 30–31). Although McGuire's Rule 26(B) Application claimed ineffective assistance of counsel for failure to challenge the admission of alleged hearsay testimony, the Ohio appellate court determined counsel was not ineffective (*see id.* at 31 n.7). McGuire did not challenge that ruling in the Petition or Traverse, but he now raises an ineffective assistance of counsel argument in his Objection (Doc.

2

13 at 3–4). "Absent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). McGuire identifies no compelling reason to grant an exception here; therefore, he has waived this argument, and his objection is overruled.

### Claim Two: Improper Statements by Prosecutor

Only one of the allegedly improper statements was presented to the Ohio state courts as a stand-alone claim for prosecutorial misconduct. As the R&R correctly observed, the others merely formed a basis for McGuire's ineffective assistance of trial counsel claim, and therefore they were not preserved for purposes of federal habeas review (*see* Doc. 12 at 27–28). *See Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) ("[A] Rule 26(B) application based on ineffective assistance cannot function to preserve the underlying substantive claim.") (internal quotation marks omitted). Further, any prosecutorial misconduct claim based on the single preserved statement is procedurally defaulted because the Ohio appellate court applied its contemporaneous-objection rule in overruling McGuire's assignment of error on this ground (*see* Doc. 12 at 28–30). McGuire now reiterates his arguments that the prosecutor's allegedly improper statements, both individually and as a whole, influenced the outcome of his trial (Doc. 13 at 3). He also objects that the Ohio appellate court erred in rejecting his claim (*id.*). This Court finds the R&R accurately states the facts and law governing both the preservation and procedural default issues. McGuire's objection is overruled.

### Ground Three: Motion in Limine

Construed liberally, McGuire's third claim for relief alleges that trial counsel was ineffective for failing to demand a ruling on a motion in limine and allowing the testimony at issue to proceed. This claim is procedurally defaulted because McGuire failed to raise it on direct appeal. As the R&R

3

notes, McGuire's Rule 26(B) Application did claim ineffective assistance of appellate counsel for failing to raise an ineffective assistance of trial counsel claim on this basis (*see* Doc. 12 at 32). The Ohio appellate court found appellate counsel was not ineffective, and McGuire was not prejudiced by the failure of trial counsel to raise this claim (*id.*). McGuire did not explicitly challenge that ruling -- regarding the effectiveness of appellate counsel -- in his Petition or Traverse. Instead, he claims he was prejudiced by the introduction of testimony regarding an earlier altercation between him and the victims, and he would not have been convicted had this testimony been excluded. McGuire's objection to the R&R merely repeats both arguments (Doc. 13 at 4). This Court has reviewed the R&R's analysis of this claim and finds it correctly states the facts and law. This objection is overruled.

**Ground Four: Juror Bias**

McGuire never raised a stand-alone claim of juror bias in any state court proceeding. Construing the claim as one for ineffective assistance of trial counsel, as McGuire does in his Traverse, he failed to raise this claim on direct appeal. Under either characterization, the claim is procedurally defaulted. McGuire's objection merely reiterates his argument that the juror at issue should have been struck for cause (Doc. 13 at 5). This Court finds the R&R accurately states the facts and law governing McGuire's juror bias claim; thus, McGuire's objection is overruled.

**Ground Five: Weight and Sufficiency of the Evidence**

McGuire does not object to the R&R's conclusions regarding his fifth claim and thus waives review of that issue. *See* 18 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination *of those portions* of the report or specified proposed findings or recommendations *to which objection is made*.") (emphasis added). This Court has reviewed the R&R's analysis of

4

McGuire's claim regarding the weight and sufficiency of the evidence and finds it accurately states the facts and law. This claim is dismissed in part (as to weight) and denied in part (as to sufficiency).

## CONCLUSION

This Court overrules McGuire's Objection (Doc. 13) and adopts the R&R (Doc. 12). The Petition is dismissed in part and denied in part. Further, this Court certifies an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 28, 2017